IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FIRAS HASSAN ALNABHANI, | § | |
| | § | |
| *Plaintiff,* | § | SA-26-CV-02748-FB |
| | § | |
| vs. | § | |
| | § | |
| MIGUEL VERGARA, SAN ANTONIO | § | |
| FIELD OFFICE DIRECTOR FOR | § | |
| ENFORCEMENT AND REMOVAL | § | |
| OPERATIONS, U.S. IMMIGRATION | § | |
| AND CUSTOMS ENFORCEMENT; | § | |
| TODD LYONS, ACTING DIRECTOR, | § | |
| U.S. CUSTOMS AND IMMIGRATION | § | |
| ENFORCEMENT; MARKWAYNE | § | |
| MULLIN, SECRETARY OF THE U.S. | § | |
| DEPARTMENT OF HOMELAND | § | |
| SECURITY; AND TODD BLANCHE, | § | |
| ACTING ATTORNEY GENERAL OF | § | |
| THE UNITED STATES; | § | |
| | § | |
| *Defendants.* | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns the Petition for Writ of Habeas Corpus ("the Petition") filed by Petitioner Firas Hassan Alnabhani [#1].  All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#6].  The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons set forth below, it is recommended that the Petition be **GRANTED**.

1

## I. Jurisdiction

This Court has jurisdiction over the Petition because Petitioner challenges the constitutionality of his continued detention and not the final order of removal underlying his detention. The Real ID Act divests federal courts of jurisdiction to consider challenges to removal orders, and federal courts lack jurisdiction to review discretionary decisions of the Attorney General. *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001); *Moreira v. Mukasey*, 509 F.3d 709, 712 (5th Cir. 2007) (citing 8 U.S.C. § 1252(a)(5)). Federal courts have jurisdiction, however, to adjudicate claims challenging the constitutionality of an alien's continued detention. *See Abdulle v. Gonzales*, 422 F. Supp. 2d 774, 776 (W.D. Tex. 2006) (citing *Gul v. Rozos*, 163 F. App'x 317, 2006 WL 140540, at *1 (5th Cir. 2006)).

## II. Background

Petitioner filed his Petition for Writ of Habeas Corpus on April 27, 2026, asking this Court to order his immediate release while he awaits his removal to Iraq. Respondents have filed a response in opposition to Petitioner's habeas corpus petition. The undersigned held an evidentiary hearing on June 11, 2026. The matter is ripe for the Court's review.

The relevant, undisputed facts in this case are established by the record and the representations of counsel at the evidentiary hearing. Petitioner was born in Iraq and is a Palestinian national. (Palestinian Identity Documents [#1-1], at 5.) He entered the United States on February 29, 2012, on an F-1 student visa. (Hartman Decl. [#4-1], at ¶ 7.) Petitioner's F-1 status was terminated for failure to enroll in classes on April 17, 2012, and reinstated on April 19, 2012. (*Id.* at ¶¶ 7-8.) Petitioner's F-1 status was terminated again on February 17, 2013. (Habeas Petition [#1], at ¶ 21.) Petitioner was apprehended by U.S. Immigration and Customs

Enforcement ("ICE") thereafter. (*Id.*) ICE served Petitioner with an Order of Release on Own Recognizance on February 25, 2013. (Hartman Decl. [#4-1], at ¶ 9.)

On April 2, 2014, Petitioner failed to attend a hearing before an immigration judge. (*Id.* at ¶ 10.) The immigration judge ordered him removed, in absentia, to Iraq. (*Id.*) Petitioner filed a motion to reopen based on exceptional circumstances, arguing that he missed his hearing before the immigration judge because he took strong sleeping pills for back pain arising from a car accident that happened a few days prior to the hearing. (Denial of Motion to Reopen [#4-3], at 2.) The motion was denied on July 10, 2024. (*Id.* at 3.)

Petitioner was classified as a *Hamama v. Adducci*, 261 F. Supp. 3d 820 (E.D. Mich. 2017), class member, which temporarily enjoined his removal. (Hartman Decl. [#4-1], at ¶ 10.) Petitioner's F-1 status was later terminated on April 9, 2015. (*Id.* at ¶ 11.) Petitioner's U.S. citizen wife filed a Petition for Alien Relative (I-130) on his behalf, which was approved on September 1, 2020. (*Id.* at ¶ 12.) On May 26, 2021, Petitioner's applications for adjustment of status (I-485), work authorization (I-765), and for travel documents, parole documents, and arrival/departure records (I-131) were denied. (*Id.* at ¶ 13.)

Petitioner was later arrested by Dallas Police Department officers on July 31, 2025, for the offense of deadly conduct. (*Id.* at ¶ 17.) After a trial, Petitioner was acquitted on the offense, and, upon his release from custody by the state, was transferred to the custody of ICE on November 8, 2025. (Not Guilty Verdict [#1-1], at 30; Habeas Petition [#1], at ¶ 30; Hartman Decl. [#4-1], at ¶ 6.) ICE served Petitioner with a Warning for Failure to Depart and a Notice to Alien of File Custody Review (I-229(a)) on December 16, 2025. (Hartman Decl. [#4-1], at ¶ 19.) ICE served Petitioner a Notice to Alien of Interview for Review of Custody on February 21,

3

2026.  (*Id.* at ¶ 20).  ICE also served Petitioner with notices to continue his detention on March 5, 2026, and April 30, 2026.  (*Id.* at ¶¶ 21-22.)

As of the time of the writing of this Report and Recommendation, Petitioner remains in ICE custody.  In the seven months since Petitioner was detained in early November 2025, there has been no progress by Respondents in obtaining travel documents for Petitioner for removal to Iraq or to any other country.  Petitioner has a Palestinian passport, but Respondents conceded during the hearing that this document is insufficient to facilitate Petitioner's removal. Respondents further explained that Israel is the country with the capacity to issue a passport that could facilitate Petitioner's removal but conceded that Israel has not been issuing passports to Palestinians.  Furthermore, Respondents conceded that no travel document requests have been submitted on Petitioner's behalf to Iraq or any other country, nor is there any schedule in place for Petitioner's removal.

### III.  Analysis

Petitioner argues that his prolonged detention following the entry of a final order of removal against him violates his Fifth Amendment substantive and procedural due process rights and 8 U.S.C. § 1231(a)(6) as interpreted by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001).[1]  Petitioner asserts that his removal is not foreseeable because he is a stateless Palestinian and, as a result, Iraq will not issue him a passport.  Respondents argue that Petitioner's detention is mandatory until his removal pursuant to 8 U.S.C. § 1231(a)(6).  They further argue that Petitioner has failed to meet his burden under *Zadvydas* to show there is no

---

[1] Petitioner further argues that Respondents' failure to adjudicate his custody review determination contravenes U.S. Immigration and Customs Enforcement's own policies in violation of the Administrative Procedure Act ("APA").  Because this Report and Recommendation concludes that Petitioner is entitled to release based on his *Zadvydas* claim, this Report and Recommendation does not reach his APA claim.

significant likelihood of his removal in the reasonably foreseeable future. The District Court should find that Petitioner is entitled to relief on his substantive due process claim under *Zadvydas*.

In *Zadvydas*, the Supreme Court limited detention beyond the initial 90-day removal period to a period "reasonably necessary to bring about the alien's removal from the United States." 533 U.S. at 689. The Court held that detention for six months is "presumptively reasonable," but beyond six months, if removal is no longer reasonably foreseeable, continued detention is not warranted. *Id.* at 701. Under *Zadvydas* and the regulations implementing it, if a noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must respond with evidence sufficient to rebut that showing. *Id.*; 8 C.F.R. § 241.13(a). If a noncitizen is not likely to be removed in the reasonably foreseeable future, the noncitizen must be released unless continued detention is justified by one of the "special circumstances" set forth in 8 C.F.R. § 241.14. *Id.* § 241.13(e)(6).

The burden of demonstrating there is no significant likelihood of removal generally rests with the noncitizen. 533 U.S. at 701. Here, Petitioner contends there is no significant likelihood of his removal to Iraq in the reasonably foreseeable future because he is a stateless Palestinian and therefore not an Iraqi citizen. District courts within the Fifth Circuit have found that stateless petitioners met their burden under *Zadvydas* to show "good reason" to believe there was no significant likelihood of their removal in the reasonably foreseeable future where they were ordered removed to a country of which they were not a citizen. *See, e.g., Thargay v. Warden,* H-26-1328, 2026 WL 1469896, at *1 (S.D. Tex. May 26, 2026) (granting habeas relief to a stateless Tibetan ordered removed to India or China); *Arzou H. v. Freden*, No. 1:25-cv-228, 2026 WL 1052859, at *6-7 (S.D. Tex. Apr. 2, 2026) (granting habeas relief to a petitioner who was born in

Iran, but became stateless and had no travel documents allowing her removal to that country). During the evidentiary hearing, Respondents conceded that Petitioner's Palestinian passport is insufficient to facilitate Petitioner's removal to Iraq or any other country. Respondents further conceded that ICE does not possess an Iraqi passport belonging to Petitioner. Respondents explained that Israel, the country that has the capacity to issue a passport to Petitioner that could be used to facilitate his removal, has not been issuing passports to Palestinians.

Petitioner is therefore faced with "potentially permanent" detention. 533 U.S. at 691. Petitioner has shown there is no reasonable likelihood of his removal in the foreseeable future due to his lack of identity documents that would facilitate his removal to Iraq or any other country. Respondents have provided no evidence to rebut this showing, instead conceding at the hearing that there is no schedule in place for Petitioner's removal and that there are no outstanding requests for his removal to Iraq or any other country. Petitioner's continued detention therefore violates due process per the Supreme Court's decision in *Zadvydas*. The District Court should accordingly find that Petitioner is entitled to his requested relief and order his release.

### IV. Conclusion and Recommendation

Based on the foregoing, the undersigned **recommends** that the Petition for Writ of Habeas Corpus filed by Petitioner Firas Hassan Alnabhani [#1] be **GRANTED** and that Respondents be ordered to **RELEASE** Petitioner from their custody under conditions compliant with statutory requirements contained in 8 U.S.C. §1231(a)(3).

It is **FURTHER ORDERED** that the parties confer on conditions of release and submit joint proposed conditions for Petitioner's post-removal supervision that comply with the relevant statutory provisions and regulations within **seven days** to be considered by the District Court.

### V.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  **During the evidentiary hearing held before the undersigned on June 11, 2026, the parties agreed to shorten the deadline for filing objections to expedite resolution of this case, and specifically, that they would file any objections within seven days after being served a copy of the report and recommendation.**  Written objections to this report and recommendation must therefore be filed **within seven (7) days** after being served with a copy of same.  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 12th day of June, 2026.


ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE