IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FIRAS HASSAN ALNABHANI, <br> A No. 200-224-463, <br><br>      *Petitioner*, <br><br> V. <br><br> MIGUEL VERGARA, San Antonio Field <br> Office Director for Enforcement and Removal <br> Operations, U.S. Immigration and Customs <br> Enforcement; *et al.,* <br><br>      *Respondents*. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. SA-26-CV-2748-FB |

## ORDER ACCEPTING REPORT AND
## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Before the Court are the Report and Recommendation of United States Magistrate Judge (ECF No. 14) concerning the Petition for Writ of Habeas Corpus ("Petition") (ECF No. 1) filed by Petitioner Firas Hassan Alnabhani ("Petitioner"), along with the Federal Respondents ("Respondents") written objections (ECF No. 15) thereto.

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of the Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court need only review the Report and Recommendation and determine whether it is clearly erroneous or contrary to law. *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir.), *cert. denied,* 492 U.S. 918 (1989).

On the other hand, any Report and Recommendation to which objection is made requires de novo review by the Court. Such a review means that the Court will examine the entire record, and will make an independent assessment of the law. The Court need not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

The Court has thoroughly analyzed Respondents' submission in light of the entire record.  As required by Title 28 U.S.C. § 636(b)(1)(c), the Court has conducted an independent review of the entire record in this cause and has conducted a de novo review with respect to those matters raised by the objections.  After due consideration, the Court agrees with Magistrate Judge Elizabeth S. Chestney that Petitioner's continued detention violates the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001).

IT IS THEREFORE ORDERED that the Report and Recommendation of United States Magistrate Judge (ECF No. 14) is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1) such that the Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED**.

IT IS FURTHER ORDERED that:

1.      Respondents are **DIRECTED** to **RELEASE** Petitioner Firas Hassan Alnabhani from custody, under  under conditions of supervision compliant with statutory requirements contained in 8 U.S.C. §1231(a)(3), to a public place no later than **June 30, 2026**.

2.      Respondents must **NOTIFY** Petitioner's counsel of the exact location and exact time of release as soon as practicable and no less than two hours before release.

3.      Respondents shall **FILE** a status report no later than **July 1, 2026**, confirming that Petitioner has been released.

IT IS FINALLY ORDERED that motions pending with the Court, if any, are Dismissed as Moot and this case is CLOSED.

It is so ORDERED.

SIGNED this 26th day of June, 2026.

_____

FRED BIERY
UNITED STATES DISTRICT JUDGE